` UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TWO BRANCH MARINA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV1017 CDP |
| | ) |
| WESTERN HERITAGE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM AND ORDER</u>**

Before me are cross-motions to exclude expert witnesses from testifying at trial and plaintiff's motion to compel.

<u>Motion to Compel</u>

Because I find that it is unduly burdensome to require defendant to produce the materials requested in plaintiff's motion to compel at this late stage of the litigation, I will deny plaintiff's motion to compel.

<u>Motions to Exclude Expert Testimony</u>

In this case, the jury will be asked to decide whether wind played a role in the collapse of plaintiff's docks. Plaintiff wishes to have its expert witness, James Newcomer, testify that wind cannot be ruled out as a contributing force in the collapse. Defendant wishes to have its expert witnesses, Damon and Thomas

Sagehorn, testify that wind played no role in the collapse of the docks, and that the accumulation of snow and ice alone was the cause. Because I find that the testimony of each expert will help the jury determine an important issues in the case, and because I find that each expert has formed his opinion using sufficient facts applied reliably to solid principles and methods, I will deny both motions to exclude.

An expert who is qualified by "knowledge, skill, experience, training, or education" may provide testimony that bears on "scientific, technical, or other specialized knowledge" if that testimony will help the trier of fact understand the evidence or determine a disputed fact and if "(1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. This rule imposes a gatekeeping responsibility on the district court to consider the reliability of the evidence before determining that it is admissible. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). "A review of the caselaw after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule." FED. R. EVID. 702 advisory committee's note.

*Daubert* established "a non-exclusive checklist for trial courts to use in

assessing the reliability of scientific expert testimony." FED. R. EVID. 702 advisory committee's note; *Daubert*, 509 U.S. at 593-94. While Rule 702 does not distinguish between scientific and other forms of expert testimony, the Supreme Court has held that the *Daubert* factors might apply to non-scientific testimony "when doing so will help determine that testimony's reliability." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137 (1999); FED. R. EVID. 702 advisory committee's note. Before admitting expert testimony, "the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kuhmo*, 526 U.S. at 149 (citing *Daubert*, 509 U.S. at 592). In determining reliability, "the trial judge must have considerable leeway" and "should consider the specific factors identified in *Daubert* where they are reasonable measures of the reliability of expert testimony." *Kuhno*, 526 U.S. at 152.

Here, we do not have "scientific knowledge"; the testimony of these experts falls under the "specialized" or "technical" language of Rule 702. The type of expert testimony in issue here is not conducive to testing, peer review, or the general rigors of the scientific method, and is better "evaluated by reference to other standard principles attendant to the particular area of expertise." FED. R. EVID. 702 advisory committee's note. I find that the *Daubert* factors are not good

measures of the reliability of this testimony. In this case, the question to be addressed by experts on both sides is whether wind played a role in the collapse of these particular docks, in this particular storm. While neither expert is perfect – neither is an expert in the combined loading effects of snow, ice, and wind on docks – all three offer testimony that is relevant, reliable, and that will be helpful to the jury in this case.

Newcomer qualifies as an expert in structural engineering through his education and experience in the field. He is qualified to speak about the general engineering principles relating to the loading effects of weather. Newcomer has set out his methodology, which appears sound, and his application of available facts to that methodology is reliable. Newcomer is qualified to testify about general engineering concepts and principles, such as vertical and horizontal loading effects, and his application of those principles to the facts and data he collected.

Damon Sagehorn qualifies as an expert in structural inspections. He is qualified to speak about the principles of structural investigations and his experience in the field. Sagehorn's methodology appears sound, and his application of available facts appears reliable. Experience, without education, can provide a sufficient foundation for expert testimony. FED. R. EVID. 702 advisory

committee's note. "If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Id*. Damon Sagehorn has done this.

Thomas Sagehorn, through his education and experience, qualifies as an expert in forensic engineering and structural inspections. Thomas Sagehorn co-authored the report submitted by Damon Sagehorn, and he personally visited the marina site. He is qualified to testify about general engineering principles and his application of those principles to his structural investigation in this case.

This is a case where "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" will be the best way to attack this "shaky but admissible evidence." *Daubert*, 509 U.S. at 596. The parties may, of course, re-raise their objections to particular questions when the time comes at trial.

Parties are reminded that they must appear for a final pre-trial conference to resolve any remaining issues at **8:30** on **Monday, December 15, 2008**. I expect that this case will be reached first on the trial docket.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [#55] is

denied.

**IT IS FURTHER ORDERED** that defendant's motion [#50] and plaintiff's motion [#57] to exclude expert testimony are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of December, 2008.