UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TWO BRANCH MARINA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1017 CDP |
| | ) | |
| WESTERN HERITAGE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

After a three-day trial, a jury found in favor of defendant Western Heritage Insurance Company on the claims of plaintiff Two Branch Marina, Inc. Judgment was entered in favor of defendant, assessing costs against plaintiff. Defendant now seeks to recover $7,904.09 in taxable costs. Plaintiff has objected that certain items claimed are not properly taxable. I agree with some of plaintiff's objections, and will reduce the bill of costs. I will direct the Clerk to tax costs in the total amount of $7,225.54.

Under Rule 54(d), Fed. R. Civ. P., "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The specific costs that are recoverable are set out in 28 U.S.C. § 1920 as follows:

(1)  Fees of the clerk and marshal;

(2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)  Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

This is not a fee-shifting statute, and many expenses that might be reasonably incurred by counsel as part of their representation are nevertheless not considered taxable costs, and cannot be recovered.

First, I will overrule plaintiff's objections that certain of the deposition costs should not be taxed. Defendant's taking of the depositions, and videotaping them, was reasonable and necessary in the case, and the charge of $4,818.88 is taxable.

I do agree with plaintiff, however, that the $249.49 rental fee defendant paid to take witness Dinsmore's deposition at a location convenient to the witness is not taxable. The witness was required to comply with the subpoena, and he could have been arrested had he not done so. While it is certainly reasonable for counsel to attempt to accommodate non-party witnesses, provisions of incentives for citizens to do what they are legally obligated to do anyway is not covered by any of the statutory provisions for taxation of costs.

Finally, plaintiff objects to the copying expenses included in the request for costs. I agree with defendant that the expenses it incurred for trial exhibits (for which it has provided receipts) qualify either as printing under § 1920(3) or exemplification

and copies under § 1920(4). Defendant has properly documented the expenses of these exhibits. The claim for $429.06 for "In-House Digital Reproduction," however, is not appropriate. In house copy charges may be appropriate for a lawyer to charge his client, but that does not mean that they are taxable, and in this case there is no evidence that these are anything other than routine internal copy charges. In the absence of evidence that they were charges incurred for trial exhibits or to obtain copies of documents from others, they are not properly taxable as costs.

In sum, I will sustain plaintiff's objections to the sum of $249.49 for rental space, and to the in-house copy charge of $429.06, but I will overrule the other objections.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for a bill of costs [#111] is granted to the extent that the Clerk of the Court shall tax costs in the amount of $7,225.54.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of January, 2009.